**Opinion issued August 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-15-00871-CR, 01-15-00872-CR, 01-15-00873-CR

————————————

### JUSTIN TIRRELL WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 209th District Court
### Harris County, Texas
### Trial Court Case Nos. 1387897, 1387898, 1387899

---

## OPINION ON REHEARING[1]

---

[1] We originally issued an opinion in this case on July 12, 2016. Appellant filed a motion for rehearing. We grant the motion for rehearing, withdraw our July 12, 2016 opinion, and issue this opinion and related judgments in their stead.

A jury convicted appellant, Justin Tirrell Williams, of the first-degree felonies of aggravated robbery, aggravated kidnapping, and aggravated sexual assault, and assessed his punishment at forty years, sixty years, and ninety-nine years, respectively, and a $10,000 fine in each case, with the sentences to run concurrently.[2] Appellant raises six point of error. In his first two points of error, appellant contends that (1) the evidence is insufficient to support his conviction for aggravated robbery and (2) the written judgment in trial court cause number 1387898 conflicts with the offense for which he was actually convicted. In points of error three through six, appellant challenges the assessment of court costs and fees and the inclusion of the assessed fines in the bills of cost with respect to all three judgments. We modify the trial court's judgments and, as modified, affirm.

## Background

On the evening of March 29, 2013, M.W., the complainant, left her house to meet Dewayn Peace at his apartment to study together. After parking her car, M.W. began walking toward the apartment building when appellant grabbed her and threw her to the ground. M.W. screamed, and appellant told her to "shut up" and threatened

---

[2] Trial court cause number 1387897 (aggravated robbery) is appellate cause number 01-15-00871-CR, trial court cause number 1387898 (aggravated kidnapping) is appellate cause number 01-15-00872-CR, and trial court cause number 1387899 (aggravated sexual assault) is appellate cause number is 01-15-00873-CR.

to shoot her if she "did anything stupid." Appellant took M.W.'s car keys out of her bag and her cell phone.

Holding a gun to her side, appellant ordered M.W. to walk to her car and get into the driver's seat. Another man, Shanador Thomas, approached the car and got into the back seat, and appellant gave him the gun and told him to shoot M.W. if she did "anything stupid." After appellant got into the front passenger seat, he began going through M.W.'s wallet, asking her which credit cards had money on them. M.W. testified that she had her debit card, her credit card, and an American Express card that her father had sent her from Illinois in her wallet. Appellant then instructed M.W. to drive out of the complex.

M.W. testified that they then went to two banks' drive-thru automated teller machines (ATM) where appellant handed her a card from her wallet, instructed her what amount to withdraw, she withdrew the cash and gave it to appellant, and appellant then gave her another card to try. M.W. further testified that the American Express card was the last card she tried, and that appellant searched her phone for the PIN so she could use the card in the ATM machine. Afterwards, appellant and Thomas instructed M.W. to drive off.

Appellant and Thomas ordered M.W. to drive down a dead-end street in a nearby neighborhood and pull off onto a gravel driveway, and appellant told M.W. to perform oral sex on both men. The men then told M.W. to get out of the car, and

3

while Thomas held a gun to M.W., appellant put a condom on and penetrated M.W.'s vagina with his penis. Appellant instructed M.W. to get back into the driver's seat and they drove around the neighborhood for a few more minutes. Shortly thereafter, appellant ordered M.W. out of the car and she ran back to the apartment complex. Appellant was later arrested.

The jury found appellant guilty of aggravated robbery, aggravated kidnapping, and aggravated sexual assault, and assessed his punishment at forty years, sixty years, and ninety-nine years, respectively, and a $10,000 fine in each case. The trial court ordered the three sentences to run concurrently. This appeal followed.

## Sufficiency of the Evidence

In his first point of error, appellant contends that the evidence is insufficient to support his conviction for aggravated robbery. Specifically, he argues that there is no evidence showing his intent to obtain and maintain control of M.W.'s car, cell phone, or wallet, or that M.W. was the owner of the cash withdrawn from the ATM machines.

### A. Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). The jurors are the exclusive judges of the facts and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008).

We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (quoting *Clayton*, 235 S.W.3d at 778). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

To establish that appellant committed the offense of aggravated robbery, the State had to prove that appellant, in the course of committing theft and with intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed M.W. in fear of imminent bodily injury or death, and used or exhibited a

5

deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2) (West 2011).

## B. Analysis

Appellant contends that although there was ample evidence that M.W. did not have her car, cell phone, or wallet after appellant ordered her out of the car, there is no evidence that appellant ever intended to obtain and maintain control of any of these items. He also argues that although there is evidence that appellant intended to keep the money withdrawn from the ATM machines, there is no evidence that M.W. was the owner of the money obtained using the American Express card.

At trial, M.W. testified that after appellant threw her on the ground of the apartment complex, he took her bag and her cell phone. In the car, appellant started going through her wallet and asking her which cards had money on them. M.W. testified that they went to two ATM machines, that appellant would hand her a card from her wallet, tell her what amount to withdraw, she would withdraw the cash and give it to appellant, and appellant would give her another card to try. M.W. testified that after appellant sexually assaulted her, he instructed her to drive around the neighborhood and then told her to get out of the car. M.W. testified that when she got out of the car, appellant did not give her cell phone or wallet back to her, and that she ran off with only the clothes on her back. Afterwards, appellant and Thomas drove away in M.W.'s car.

6

Considering the evidence that appellant took M.W.'s cell phone and wallet and did not give them back to her before ordering her out of the car and driving off, a rational fact finder could have found, beyond a reasonable doubt, that appellant intended to obtain and maintain control of M.W.'s wallet, cell phone, and car. *See Banks v. State*, 471 S.W.2d 811, 812 (Tex. Crim. App. 1971) (noting that intent to steal can be inferred from person's actions or conduct); *see also Ruiz v. State*, No. 01-07-00963-CR, 2008 WL 4837492, at *2 (Tex. App.—Houston [1st Dist.] Nov. 6, 2008, no pet.) (mem. op., not designated for publication) (concluding that evidence showing defendant attempted to exercise control over complainant's car, to exclusion of complainant's possession, by demanding that complainant get in car with him and drive it according to his demands, was sufficient to show defendant's intent to deprive complainant of property so as to support conviction for aggravated robbery). Further, the evidence that M.W. had her debit card and her credit card in her wallet, that appellant handed her a card to use at the ATM machines, and that once she withdrew money with one he handed her another, is sufficient for the jury to have concluded that she was the owner of at least some of the money that appellant took from her. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2).

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is legally sufficient to support appellant's conviction for aggravated robbery. We overrule appellant's first point of error.

## Judgment in Cause Number 1387898

In his second point of error, appellant asserts that the trial court's judgment in cause number 1387898 incorrectly reflects that he was convicted of aggravated robbery rather than aggravated kidnapping, and requests that this court reform the judgment to reflect his conviction for aggravated kidnapping. The State concedes that the trial court erred in this regard and requests that the judgment be reformed.

The jury convicted appellant of three separate offenses arising out of the same criminal action. In cause number 1387898, the jury found appellant guilty of aggravated kidnapping. The jury's verdict is consistent with the indictment charging appellant with aggravated kidnapping. However, the trial court's judgment in cause number 1387898 incorrectly lists aggravated robbery under the section entitled "Offense for which Defendant Convicted."[3]

"An appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citation omitted); *accord Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("An appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when

---

[3] Appellant was convicted of aggravated robbery; however, that conviction is recorded in the judgment for cause number 1398897.

8

it has the necessary data and information to do so."); *see also* TEX. R. APP. P. 43.2(b). The record supports reformation of the judgment in cause number 1387898 because the judgment does not accurately reflect the offense for which appellant was convicted. Accordingly, we reform the trial court's judgment in cause number 1387898 to reflect appellant's conviction for aggravated kidnapping.

## Issues Related to Court Costs

In points of error three through six, appellant challenges the assessment of court costs and fees on several grounds as well as the inclusion of the assessed fines in the bills of cost.

As an initial matter, we address the State's assertion that appellant is limited to pursuing the issues related to the assessment of court costs and fees under Code of Criminal Procedure article 103.008, and that a direct appeal is not the proper vehicle for correcting these issues. Article 103.008 provides that a defendant has one year after the final disposition of the case in which court costs were imposed to file a motion seeking to correct any error in the costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008 (West 2006).

However, in *Johnson v. State*, the Texas Court of Criminal Appeals held that an appellant may challenge the imposition of court costs on direct appeal. 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) ("[W]e conclude that a criminal defendant need not preserve an objection in the trial court to raise a claim challenging the bases

9

for the imposition of court costs for the first time on appeal."); *see London v. State*, ___ S.W.3d ___, 2016 WL 2941060, at *2 (Tex. Crim. App. May 18, 2016).  Thus, while article 103.008 is one method to challenge court costs, it is not the exclusive method.  *See Perez v. State*, 424 S.W.3d 81, 87 (Tex. Crim. App. 2014) (Alcala, J., concurring) (noting that "there are at least five avenues for an alert defendant who believes that the court costs imposed against him are erroneous or should not be collected."); *Sturdivant v. State*, 445 S.W.3d 435, 440–41 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (noting that although Legislature enacted article 103.008 to provide statutory mechanism to seek correction of costs, it did not intend to foreclose defendant from seeking correction of costs by other means, such as direct appeal).

However, the State argues that, unlike *Johnson*, appellant is not challenging the *basis* for his assessed costs but instead using article 102.073 to strike court costs and fees regardless of whether there is a basis for their imposition.[4]  *See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (West Supp. 2015) (discussing assessment of costs when defendant has been convicted of multiple offenses or multiple counts of same

---

[4]    In *Johnson*, the defendant appealed the assessment of court costs at trial, arguing that there was insufficient record evidence to support the costs listed in the written judgment.  *See Johnson v. State*, 423 S.W.3d 385, 388 (Tex. Crim. App. 2014).  Noting that a claim challenging the basis of assessed costs differs from a claim of insufficient evidence of guilt, the *Johnson* court stated that reviewing courts "review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost . . .."  *Id.* at 390.

offense in single criminal action). We do not read *Johnson* so narrowly. Here, appellant is challenging the basis for assessing costs three times when, under article 102.073(a), the costs should have only been assessed once. Therefore, appellant may challenge the imposition of court costs on direct appeal.

## A. Code of Criminal Procedure Article 102.073

In his third point of error, appellant contends that the trial court erred in assessing court costs on all three of his convictions because costs may only be assessed once when, as here, a defendant is convicted of multiple offenses arising from a single criminal action. The State concedes that the assessment of court costs in all three judgments was error.

Article 102.073 of the Code of Criminal Procedure provides, in relevant part:

(a)     In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

(b)     In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073.[5] It is undisputed that appellant was convicted of three offenses arising from the same criminal action. In each of the

---

[5]     Effective September 1, 2015, this provision applies to "a court cost or fee imposed on or after the effective date of this Act, regardless of whether the offense for which the cost or fee was imposed was committed before, on, or after that date." Act of June 19, 2015, 84th Leg., R.S., ch. 1160 § 2, 2015 Tex. Sess. Law Serv. Ch. 1160

11

three judgments of conviction, court costs are listed "as assessed." The bill of cost accompanying each of the judgments reflects the following amount of costs (including fines): $10,544.00 (cause number 1387897), $10,264.00 (cause number 1387898), and $10,514.00 (cause number 1387899). We conclude that the trial court erred in assessing court costs against appellant on all three of his convictions.

In his fourth point of error, appellant contends that when there are multiple convictions arising out of the same incident, court costs must be assessed on the offense that is the highest category of offense. He argues that because the Legislature did not specify the conviction on which costs should be assessed when all convictions are the same category of offense, this Court should establish a "default rule" to address such a situation.

Appellant was convicted of three first-degree felonies: aggravated robbery, aggravated kidnapping, and aggravated sexual assault.[6] All three bills of cost assessed the following identical costs and fees: $5 sheriff's jury fee, $5 commitments, $5 release, $5 arrest without warrant/capias, $40 district clerk's fee, $20 jury fee, $5 security fee, $133 consolidated court cost, $4 jury reimbursement fee, $25 DC records preservation fee, $2 support of indigent defense, $6 support

(S.B. 740 (West 2015). Because the court costs were assessed in these cases on October 2, 2015, article 102.073 applies here.

[6] *See* TEX. PENAL CODE ANN. §§ 20.04(c) (West 2011), 22.021(e) (West Supp. 2015), 29.03(b) (West 2011).

judiciary fee, $4 court technology fee, and $5 electronic filing fee. Consistent with article 102.073, where a defendant is convicted of two or more offenses or of multiple counts of the same offense in a single criminal action, and the convictions are the same category of offense and the costs are all the same, we hold that the court costs should be based on the lowest cause number. Accordingly, the costs enumerated above totaling $264 should be assessed in cause number 1387897. We further modify the judgments in cause numbers 1387898 and 1387899 to delete these costs. *See* TEX. R. APP. P. 43.2(b) ("The court of appeals may: . . . (b) modify the trial court's judgment and affirm it as modified"); *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding where trial court erroneously includes certain amounts as court costs in judgment, appeals court should modify judgment to delete erroneous amount).

In addition to the $264 in costs and fees enumerated above, the trial court assessed a $280 summoning witness/mileage fee in cause number 1387897 and a $250 DNA testing fee in cause number 1387899. Pursuant to article 102.073, a trial court "may assess *each court cost or fee* only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (emphasis added). As these two fees were properly assessed only once against appellant, we overrule this portion of appellant's point of error complaining about the assessment of these fees.

13

**B. Inclusion of Appellant's Fine in Bills of Cost**

In his fifth point of error, appellant contends that the trial court erred in including the assessed fines in the bills of cost.

Fines are punitive and intended to be part of the convicted defendant's sentence. *See Armstrong v. State*, 340 S.W3d 759, 767 (Tex. Crim. App. 2011). Court costs, however, are "compensatory in nature" and are "a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.* With exceptions not applicable here, section 3.03(a) of the Penal Code provides, in relevant part, that "sentences shall run concurrently" when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." TEX. PENAL CODE ANN. § 3.03(a) (West 2015). Appellant cannot be assessed more than one fine because a trial court's order that sentences run concurrently applies to the entire sentence, including fines. *See State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008).

Here, the jury assessed a $10,000 fine against appellant in each of the three cases involved in this appeal. The trial court listed the $10,000 fine in the judgment corresponding to each case. The trial court also ordered the sentences to run concurrently. Thus, appellant is only responsible for paying one of the $10,000 fines. *See id.*

Appellant requests that this Court delete the fine from the bills of cost because fines are not the same as costs and, therefore, should not be listed on the bill of cost. Appellant acknowledges that he would still be under order to pay a $10,000 fine by virtue of that entry on the judgment in cause number 1387897, but argues that there is no need for the fine to be listed on a bill of cost in order to make him responsible for the fine. He further asserts that the judgments in cause numbers 1387898 and 1387899 need not be amended to delete the $10,000 fine because the court's order that the three sentences run concurrently will result in appellant paying only one of the $10,000 fines.

A bill of cost must be in writing and contain "the items of cost." TEX. CRIM. PROC. CODE ANN. art. 103.001 (West Supp. 2015). As noted above, fines are fundamentally different than court costs. Fines constitute punishment and are part of the defendant's sentence whereas court costs are those financial obligations intended to recoup "the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009). In light of the above, we reform the judgments to delete the fine from the bills of cost. Appellant remains obligated to pay the $10,000 fine reflected in the judgment of conviction in cause number 1387897. *See* TEX. R. APP. P. 43.2(b).

## C. Assessment of $5 Release Fee

In his sixth point of error, appellant contends that he was erroneously assessed a $5 release fee because he has never been released from jail.

Sufficient evidence must support an assessment of costs in a bill of cost or in a judgment. *See Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that factual predicate for the assessment of court costs included in bill of cost must be supported by sufficient evidence in the record). We review the record in the light most favorable to the award in measuring the sufficiency of the evidence to support an assessment of costs. *See id.* at 557.

Under article 102.011 of the Code of Criminal Procedure, a defendant convicted of a felony or a misdemeanor must pay certain fees "for services performed in the case by a peace officer . . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 102.011 (West Supp. 2015). One of the costs assessed for the service of peace officers is "$5 for commitment or release." *Id.* art. 102.011(a)(6). This language refers to a defendant's commitment to and release from jail. *See Adams v. State*, 431 S.W.3d 832, 838 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Here, appellant was assessed a $5 commitment fee and a $5 release fee. He argues that because he remained in jail from the date of his arrest until the date of his conviction, he was never released from jail. Therefore, he argues, he should not have been assessed a $5 fee for release.

16

Appellant's argument is without merit. The judgments of conviction in all three cases ordered the Harris County Sheriff "to take, safely escort, and deliver Defendant to the Director, Institutional Division, TDCJ." The judgment also ordered that the defendant be confined in the "Institutional Division, TDCJ," not in the county jail. Thus, the Harris County Sheriff was required to release appellant into the possession of the prison system. Appellant was properly assessed a $5 release fee.[7] We overrule appellant's sixth point of error.

## Conclusion

We affirm appellant's conviction for aggravated robbery in cause number 1387897. We reform the judgment in cause number 1387898 to reflect appellant's conviction for aggravated kidnapping. We conclude that the $264 in court costs and fees assessed in all three judgments should be assessed in the lowest cause number, 1387897, and we therefore reform the judgments in cause numbers 1387898 and 1387899 to delete these costs. We further conclude that the $280 summoning witness/mileage fee in cause number 1387897 and the $250 DNA testing fee in cause

---

[7] Appellant cites a Texas Attorney General Opinion for the proposition that a court could conclude that any commitment or release from jail after the conclusion of a case is not a service performed "in" the case, and that article 102.011(a)(6) therefore does not authorize a fee for those services. *See* Tex. Att'y Gen. Op. No. GA-1063, at *5 (2014). Attorney General's opinions, although persuasive authority, are not binding on the courts of this state. *Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996); *Cavender v. Hous. Distrib. Co.*, 176 S.W.3d 71, 73 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

17

number 1387899 were properly assessed against appellant. We further reform the judgments to delete the fine from the bills of cost. Appellant remains obligated to pay the $10,000 fine reflected in the judgment of conviction in cause number 1387897. We affirm the judgments in cause numbers 1387897, 1387898, and 1387899, as modified.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Publish. TEX. R. APP. P. 47.2(b).