**Opinion issued August 8, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00033-CR

————————————

**LELAND KREMPLEWSKI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 264th District Court**
**Bell County,* Texas**
**Trial Court Case No. 78928**

---

---

\*   Per the Texas Supreme Court's docket-equalization powers, this appeal was transferred from the Third Court of Appeals to this court on January 11, 2019. *See* TEX. GOV'T CODE § 73.001; Order Regarding Transfer of Cases From Courts of Appeals, Misc. Docket No. 18-9166 (Tex. Dec. 20, 2018). We are unaware of any conflict between its precedent and ours. *See* TEX. R. APP. P. 41.3.

**O P I N I O N**

Leland Kremplewski contends that 90 percent of the $25 time-payment fee imposed on him as court costs is unconstitutional because it violates the separation-of-powers clause of the Texas Constitution. We agree. We thus modify the trial court's judgment to reduce this fee to $2.50 and affirm the judgment as modified.

## BACKGROUND

Kremplewski pleaded guilty to possession of a controlled substance, methamphetamine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE §§ 481.102(6), 481.115(a), (b). The trial court imposed court costs on Kremplewski in the judgment of conviction. One of these costs, memorialized in a separate bill, was a time-payment fee of $25, which was automatically imposed by statute because Kremplewski did not pay court costs within 30 days of the entry of the judgment. *See* TEX. LOC. GOV'T CODE § 133.103(a).

## DISCUSSION

Kremplewski contends that 90 percent of the time-payment fee imposed by section 133.103(a) of the Local Government Code is unconstitutional on its face because it violates the separation-of-powers clause of the Texas Constitution.

### *Standard of Review*

We review constitutional challenges to a statute de novo. *VanDyke v. State*, 538 S.W.3d 561, 570 (Tex. Crim. App. 2017); *see also Ex parte Lo*, 424 S.W.3d 10,

14 (Tex. Crim. App. 2013) (facial challenges to statutes reviewed de novo).

When, as here, a litigant claims that a statute is facially unconstitutional, we consider the statute as it is written, rather than any particular application of it. *Peraza v. State*, 467 S.W.3d 508, 514–15 (Tex. Crim. App. 2015). A claim of facial unconstitutionality asserts that the statute is unconstitutional in all possible circumstances. *Salinas v. State*, 464 S.W.3d 363, 367 (Tex. Crim. App. 2015).

### *Applicable Law*

The Texas Constitution mandates the separation of powers in our government:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art II, § 1. Consequently, one department can neither assume nor be delegated a power that belongs to one of the others. *VanDyke*, 538 S.W.3d at 571.

The collection of fees as court costs in criminal cases is a proper exercise of the judicial power, provided that these fees are imposed under a statutory scheme allocating them to be expended for a legitimate criminal-justice purpose. *Salinas v. State*, 523 S.W.3d 103, 107 (Tex. Crim. App. 2017). A legitimate criminal-justice purpose is one that relates to the administration of the criminal-justice system. *Peraza*, 467 S.W.3d at 517–18. If, however, the courts are statutorily delegated the

3

power to charge fees that do not relate to the administration of the criminal-justice system, the statute violates the separation of powers by transforming the courts into tax collectors. *Salinas*, 523 S.W.3d at 107. We decide whether a fee relates to the administration of criminal justice on a case-by-case basis and our inquiry is governed by what a given fee statute says about the intended use of the funds, not whether the funds are actually used for a criminal-justice purpose. *Id.*; *Hernandez v. State*, 562 S.W.3d 500, 510–11 (Tex. App.—Houston [1st Dist.] 2017, pet. stricken).

Section 133.103(a) of the Local Government Code requires anyone convicted of a misdemeanor or felony to pay a $25 time-payment fee if he fails to pay any part of the courts costs within 30 days of the entry of judgment. Subject to an exception that is not applicable in this case, the statute directs the treasurer to:

- send 50 percent of these fees to the comptroller, who "shall deposit the fees received to the credit of the general revenue fund";

- deposit 10 percent of these fees in the county's or municipality's general fund "for the purpose of improving the efficiency of the administration of justice"; and

- deposit the remaining 40 percent of these fees "in the general revenue account of the county or municipality."

TEX. LOC. GOV'T CODE § 133.103(b), (c), (d).

### *Analysis*

In *Salinas*, the Court of Criminal Appeals held that two fees imposed by section 103.102 of the Local Government Code were facially unconstitutional because they violated the Texas Constitution's separation-of-powers clause. 523

4

S.W.3d at 105. The first was a fee to provide rehabilitation services. *Id.* at 107–08. The rehabilitation fee provision did not on its face serve a criminal-justice purpose; the fees were deposited into a general revenue fund and were not earmarked for crime victims or in any other way designated for the administration of criminal justice. *Id.* at 107–09. The second was a fee for counseling abused children. *Id.* at 109. This provision likewise did not direct that the fees be used for a criminal-justice purpose; these fees were deposited into the state's general revenue fund. *Id.* at 109–10.

Relying on *Salinas*, our sister court recently held that section 133.103 of the Local Government Code is mostly facially unconstitutional because it too violates the separation-of-powers clause. *See Johnson v. State*, 573 S.W.3d 328, 339–40 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). It noted that, like the fees in *Salinas*, 90 percent of the time-payment fee is "deposited into a general fund without limitation or restriction." *Id.* at 340. For this reason, the parts of the statute providing for the collection of 90 percent of the fee are unconstitutional; whenever a "district clerk collects the portion of the fee authorized by section 133.103(a), (b), and (d), it is gathering general revenue not sufficiently related to a legitimate criminal justice purpose." *Id.* Without a statutory directive that these funds are to be used for a criminal-justice purpose, the statute transforms courts into tax collectors. *See id.* Accordingly, the court of appeals modified the trial court's judgment to reduce the

5

time-payment fee from $25 to $2.50. *Id.* at 341.

We agree with our sister court's analysis. Ten percent of the time-payment fee is statutorily set aside "for the purpose of improving the efficiency of the administration of justice." TEX. LOC. GOV'T CODE § 133.103(c). The remaining 90 percent, however, is deposited into general revenue funds without limitation or restriction. *Id.* § 133.103(b), (d). The time-payment fee is an administrative fee imposed for the late payment of court costs. *Id.* § 133.103(a). It neither recoups expenses incurred in trying the defendant nor serves any purpose related to the administration of the criminal-justice system. In sum, 90 percent of the time-payment fee is a tax that is not designated for any criminal-justice purpose. This is precisely what article II, section 1 of the Texas Constitution forbids. *See Salinas*, 523 S.W.3d at 107–09; *Johnson*, 573 S.W.3d at 339–40; *see also Allen v. State*, 570 S.W.3d 795, 805 (Tex. App.—Houston [1st Dist.] 2018, pet. granted) (under *Salinas*, statute must direct that funds be used for criminal-justice purpose; it is not enough that some funds ultimately might benefit someone with some connection to criminal-justice system).

The State contends that *Johnson* was wrongly decided, arguing that:

The fact that the funds may be deposited in the general fund does not mean that they will not be used for criminal justice purposes. A large part of both the State and County's general funds are used to operate the criminal justice system. But if court costs are a recoupment or reimbursement of judicial resources expended by the courts of the State and County in the trial of criminal cases or the administration of the

6

criminal justice system and those expenditures come out of the general fund, then how can it be said that replacing those expended funds to continue to operate that system would not be a criminal justice purpose merely because they are placed in the general fund? Would not reimbursement of funds expended for a criminal justice purpose from the general fund by replacing those costs into the same fund still be a legitimate criminal justice purpose?

The State's argument flies in the face of *Salinas*. In *Salinas*, the Court of Criminal Appeals held that whether a fee statute passes constitutional muster under the separation-of-powers clause of the Texas Constitution turns on "what the governing statute says about the intended use of the funds, not whether funds are actually used for a criminal justice purpose." 523 S.W.3d at 107. Setting aside subsection (c) of section 133.103, which applies to just 10 percent of the time-payment fee, the statute does not say that the fees collected are to be used for a criminal-justice purpose. The statute allocates 90 percent of the fees collected to general revenue funds without any limitation or restriction. *See* TEX. LOC. GOV'T CODE § 133.103(b), (d). *Salinas* held that this kind of unlimited or unrestricted collection of money by the courts for allocation to general revenue funds violates the Texas Constitution's separation-of-powers clause. 523 S.W.3d at 107–10.

Instead of acknowledging section 133.103's language, the State claims that a significant portion of the 90 percent of the time-payment fee that is deposited into general revenue funds inevitably gets used for criminal-justice purposes because the State and its counties administer the criminal-justice system from their general

revenues. The State does not identify any factual support for this claim. But even if the State had done so, its claim focuses on how the funds are ultimately spent instead of focusing on the proper legal inquiry, which is how section 133.103 says they are to be allocated. *See Salinas*, 523 S.W.3d at 107; *see also Hernandez*, 562 S.W.3d at 510 (rejecting State's argument that fee deposited in general revenue fund was constitutional because it could be spent for a criminal-justice purpose because *Salinas* requires constitutionality to be assessed at the moment of collection, not expenditure).

We hold that subsections (a), (b), and (d) of section 133.103 are facially unconstitutional because they impermissibly turn the courts into tax collectors in violation of article II, section 1 of the Texas Constitution. We thus sustain Kremplewski's sole issue.

## CONCLUSION

We modify the bill of costs and, in turn, the trial court's judgment authorizing the assessment of these costs to reduce the time-payment fee from $25 to $2.50, and we affirm the judgment as modified. *See Hernandez*, 562 S.W.3d at 511; *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd).


Gordon Goodman
Justice

8

Panel consists of Justices Keyes, Kelly, and Goodman.

Publish. TEX. R. APP. P. 47.2(b).