

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00188-CR
No. 02-19-00189-CR

_____

NATHANIEL DALONE PICKROM JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court Nos. 1591368R, 1591370R

---

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Nathaniel Dalone Pickrom Jr. appeals his two convictions for aggravated robbery while using a deadly weapon (a firearm).[1] In two points, Pickrom argues (1) that the trial court erred by including statutorily-mandated language in the jury charge at punishment and (2) that the trial court erroneously assessed duplicate court costs. Because we conclude that the trial court properly instructed the jury, but we also conclude that the trial court erred by assessing duplicate costs, we modify the judgment in trial court cause number 1591370R to delete the assessed court costs and affirm that judgment as modified. We affirm the judgment in trial court cause number 1591368R in its entirety.

### II. BACKGROUND

Because Pickrom does not challenge the evidentiary sufficiency underlying his convictions, we need not recount the facts in great detail. On May 11, 2017, the State indicted Pickrom for aggravated robbery while using a deadly weapon (a firearm) in trial court cause number 1591368R, and, on April 15, 2019, the State indicted Pickrom for aggravated robbery while using a deadly weapon (a firearm) in trial court cause number 1591370R.

---

[1]*See* Tex. Penal Code Ann. § 29.03(a)(2).

The two causes were tried together, and, on May 2, 2019, before the jury, Pickrom pleaded guilty to both charges. After the jury heard punishment evidence, the trial court gave its charge to the jury. In the charge, the trial court included the statutorily-mandated "good time" parole instruction even though the nature of Pickrom's convictions make him ineligible for good time being applied to any sentences the jury might have assessed.

After deliberation, the jury assessed punishment at twenty years' incarceration in cause number 1591368R and thirty-two years' incarceration in cause number 1591370R. The trial court rendered judgments accordingly. In both causes, the trial court's judgments reflect an assessment of court costs in the amount of $319.00. And in both causes, the bill of costs reflect identical charges amounting to $319.00. This appeal followed.

### III. DISCUSSION

### A. Jury Instruction

In his first point, Pickrom argues that the trial court's jury charge on punishment violated his rights to due process and due course of law. Specifically, Pickrom argues that his rights were violated because the trial court included a "good time" parole instruction and, because of his convictions, he is not eligible for good time; thus, the instruction sowed confusion in the minds of the jury.

3

Pickrom candidly admits that the instruction complained of is authorized by statute. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a).[2] Pickrom also acknowledges that the Texas Court of Criminal Appeals has rejected this very argument and that he is presenting this argument to this court "to preserve the issue for further review." *Luquis v. State*, 72 S.W.3d 355, 363–65 (Tex. Crim. App. 2002).

This court is bound by, and has no authority to disregard or overrule, the precedent of the Court of Criminal Appeals. *See Hailey v. State*, 413 S.W.3d 457, 489 (Tex. App.—Fort Worth 2012, pet. ref'd); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd). And this court has consistently applied *Luquis* to this very complaint and held that it does not violate due process or due course of law protections for the trial court to include this instruction even when the defendant is parole ineligible. *See Knight v. State*, 504 S.W.3d 524, 532 (Tex. App.—Fort Worth 2016, pet. ref'd); *see also Esparza v. State*, No. 02-18-00196-CR, 2019 WL 5608233, at *4 (Tex. App.—Fort Worth Oct. 31, 2019, pet. ref'd) (mem. op., not designated for publication). In light of this precedent, we overrule Pickrom's first point.

---

[2]In 2019, the legislature amended subsection 4(a) and removed all references to "good conduct time." Act of May 15, 2019, 86th Leg., R.S., ch. 260, H.B. 1279, § 1(a). The 2019 legislative amendments went into effect on September 1, 2019, and apply to defendants sentenced for an offense on or after that date. *Id.* at ch. 260, § 2. Pickrom's trial was held on May 2 and 3 of 2019, and the jury was instructed on May 3, 2019. Thus, the 2019 version is not at issue in this case.

## B. Court Costs

In his second point, Pickrom argues that he was unlawfully assessed duplicate court costs. The State concedes this point, and we agree with both parties.[3]

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a). And when a trial court erroneously assesses court costs for multiple convictions that were tried in a single proceeding, we normally retain the court costs for the offense of the highest category and modify the judgment in the offense of the lower category to delete the duplicate court costs. *See Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *2 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op., not designated for publication) (citing Tex. Code Crim. Proc. Ann. art. 102.073(b)). But when the convictions are the same category of offense and the costs are all the same, the court costs should be based on the lowest cause number. *See Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd).

---

[3]The State's confession of error in a criminal case is important and carries great weight, but it is not binding. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002). We are required to independently examine the error confessed because the proper administration of the criminal law cannot be left merely to the stipulation of parties. *Id.*; *Rachal v. State*, No. 02-18-00501-CR, 2019 WL 5996985, at *5 n.3 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op., not designated for publication).

Here, Pickrom was convicted in cause number 1591368R of aggravated robbery with a deadly weapon, and he was also convicted in cause number 1591370R of aggravated robbery with a deadly weapon. The cases were tried together in a single criminal action, and the trial court assessed court costs in the amount of $319.00 in each cause. Pickrom should not have been assessed court costs in each case. *See Id.* We sustain Pickrom's second point, and we modify the judgment in cause number 1591370R (the higher cause number) to delete the assessed court costs. Tex. R. App. P. 43.2(b).

## IV. CONCLUSION

Having overruled Pickrom's first point and having sustained his second point, we modify the judgment in trial court cause number 1591370R to delete the assessed court costs and affirm that judgment as modified. We affirm the judgment in trial court cause number 1591368R in its entirety.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 9, 2020

6