# NO. 12-22-00012-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMUEL SALAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Samuel Salas appeals his conviction for unlawful possession of a firearm by a felon. In a single issue, Appellant contends the trial court erred in assessing duplicative court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon[1] and unlawful possession of a firearm by a felon.[2] He pleaded "guilty" to each offense without a punishment agreement, and the matter proceeded to a bench trial on punishment. During the hearing, Appellant confirmed he was previously convicted of two felonies: burglary of a habitation in 2009 and assault family violence in 2017. The State alleged these convictions to enhance Appellant's punishment to that of a habitual offender.[3] At the conclusion of the

---

[1] A second degree felony as charged. *See* TEX. PENAL CODE ANN. § 22.02(b) (West Supp. 2021). We further note that Appellant's aggravated assault with a deadly weapon charge is the subject of appeal number 12-22-00011-CR.

[2] A third degree felony as charged. *See id.* § 46.04(e) (West Supp. 2021).

[3] *See id.* § 12.42(d) (West 2019).

evidence, the trial court assessed punishment at life imprisonment for both cases. This appeal followed.

## DUPLICATIVE COURT COSTS

In his sole issue, Appellant contends the trial court improperly assessed duplicative court costs because the cases were tried in a single criminal action. Accordingly, Appellant requests modification of the judgment and the attached order to withdraw funds from his inmate trust account.

Article 102.073 of the Texas Code of Criminal Procedure states "[i]n a single criminal action in which a defendant is convicted of two or more offenses . . . the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). The article further states that "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." *Id.* art. 102.073(b).

It is undisputed that Appellant was convicted of two offenses in a single criminal action. Each judgment of conviction lists court costs totaling $251.50. Both bills of costs assessed the following identical costs and fees: $5 arrest fee, $40 clerk of the court, $133 consolidated court costs fee, $4 county and district court technology fund, $1 county jury fund, $25 county records management and preservation, $25 county specialty court account, $10 courthouse security fund, $0.60 judicial support fee – (county), $5.40 judicial support fee - (state), and $2.50 records management and preservation fee. This amount equals $251.50. Article 102.073 provides that when a defendant is convicted of two or more offenses in a single criminal action, the trial court "may assess *each court cost or fee only once* against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (emphasis added); *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.–Houston [1st Dist.] 2016), *pet. dism'd improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim App. 2017). We agree with Appellant that the trial court erred in assessing these costs against appellant for both offenses. *See Robinson v. State*, 514 S.W.3d 816, 828 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Because the second-degree-felony offense of aggravated assault with a deadly weapon was the "highest category of offense" for which he was convicted, all court costs assessed in this case should have only been assessed in that judgment. *See Willhite v. State*, No. 06-18-00157-CR, 2019 WL 847218, at *4-5 (Tex. App.—Texarkana

Feb. 22, 2019, no pet.) (mem. op., not designated for publication) (noting that habitual offender statute does not change category of offense, only punishment range).

We therefore modify the judgment for Appellant's unlawful possession of a firearm conviction, trial court cause number 114-0898-21 CR, and the attached order to withdraw funds to delete the $251.50 award of costs. *See* Tex. R. App. P. 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified."); *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (holding where trial court improperly included amounts in assessed court costs, that proper remedy was to reform judgment to delete improper fees). We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we modify the judgment and attached withdrawal order in trial court cause number 114-0898-21 CR to delete $251.50 in court costs, and we *affirm* the judgment *as modified*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 24, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 24, 2022**

**NO. 12-22-00012-CR**

**SAMUEL SALAS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0898-21)

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, it is the opinion of this court that the judgment and attached withdrawal order of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and attached withdrawal order of the court below be **modified** to delete $251.50 in court costs; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*