# NOS. 12-22-00125-CR
## 12-22-00126-CR
## 12-22-00127-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WOODROW FONTAINE HIGH,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Woodrow Fontaine High appeals his three convictions for possession of a controlled substance with intent to deliver. In his sole issue, Appellant argues that the trial court improperly imposed duplicative court costs in two of the cases. We affirm in trial cause number 007-1756-21 (appellate cause number 12-22-00126-CR), and we modify and affirm as modified in trial cause number 007-0023-22 (appeal number 12-22-00125-CR) and trial cause number 007-1871-21(appeal number 12-22-00127-CR).

### BACKGROUND

Appellant was charged by indictment with three first-degree felony offenses of possession of a controlled substance with intent to deliver.[1] Appellant pleaded "guilty" to all three offenses in a single criminal action and pleaded "true" to an enhancement paragraph in all three cases. The trial court assessed punishment at fifty years of confinement in each case and ordered that the sentences would run concurrently.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017).

## ASSESSMENT OF DUPLICATIVE COURT COSTS

In his sole issue, Appellant argues that the imposition of court costs in two of the cases is improper because said court costs are duplicative of those assessed in the first case. The State concedes error.

### Applicable Law

The Texas Code of Criminal Procedure provides as follows:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.
> (b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2018). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

### Analysis

The record shows that the allegations and evidence of all three offenses were presented in a single plea proceeding, or "criminal action." *See id.* at 203-04. Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). When, as here, the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *See Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016, *pet. dism'd*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017)) (not designated for publication); *see also Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.). The judgment in the case with the lowest trial court cause number, 007-1756-21 (appellate cause number 12-22-00126-CR), shows a court cost assessment of $249.00, and the judgments in both of the other cases show a court cost assessment of $249.00. The three bills of cost contain identical costs and fees.

We sustain Appellant's issue as to the duplicative court costs assessed against him in trial cause numbers 007-0023-22 and 007-1871-21. We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we

have the necessary data and information to correct the amount of court costs in trial cause numbers 007-1871-21 and 007-0023-22, we conclude that the judgments, the attached order to withdraw funds, and the bill of costs in those cases should be modified to remove the duplicate court costs of $249. *See id*.; *see also* TEX. R. APP. P. 43.2(b).

## DISPOSITION

Having sustained Appellant's issue as to trial cause numbers 007-1871-21 and 007-0023-22, we ***modify*** the trial court's judgment, Order to Withdraw Funds, and bill of costs in said trial court cause numbers (appellate cause numbers 12-22-00125-CR and 12-22-00127-CR) to reflect that the amount of court costs is $0.00. *See* TEX. R. APP. P. 43.2(b). In all other respects, we ***affirm*** the trial court's judgments in trial cause numbers 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-21 and 007-0023-22 (appellate cause numbers 12-22-00125-CR and 12-22-00127-CR) ***as modified***. We ***affirm*** the trial court's judgment in trial cause number 007-1756-21 (appellate cause number 12-22-00126-CR).

**BRIAN HOYLE**
Justice

Opinion delivered October 21, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2022**

**NO. 12-22-00125-CR**

**WOODROW FONTAINE HIGH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0023-22)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below is **modified** to reflect that the amount of court costs is $0.00; in all other respects, the judgment of the trial court is **affirmed**; and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 21, 2022

NO. 12-22-00126-CR

**WOODROW FONTAINE HIGH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1756-21)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2022**

**NO. 12-22-00127-CR**

**WOODROW FONTAINE HIGH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1871-21)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below is **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*