# NOS. 12-22-00094-CR
# 12-22-00095-CR
# 12-22-00096-CR
# 12-22-00097-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSIE GLYNN ADAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jessie Glynn Adams appeals his convictions for four counts of aggravated assault with a deadly weapon against a public servant. In two issues, he contends the judgments contain improper court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by four separate indictments with aggravated assault of a public servant. The charges were all tried in a single action. Appellant pleaded "guilty" to all four counts. The cases then proceeded to a jury trial on punishment. Appellant pleaded "true" to the enhancement allegations in the indictments. The jury sentenced Appellant to life in prison in all four cases, to run concurrently. This appeal followed.

## IMPROPER COURT COSTS

In his first issue, Appellant contends the trial court improperly assessed duplicative court costs because the cases were tried in a single criminal action. The State concedes the duplicative court costs were improperly assessed. Accordingly, Appellant requests three of the bills of costs

1

be deleted.  In his second issue, he urges he was improperly assessed the Consolidated Fee on Conviction of a Felony.  The State also concedes this error.

## Duplicative Court Costs

Article 102.073 of the Texas Code of Criminal Procedure states "[i]n a single criminal action in which a defendant is convicted of two or more offenses ... the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018); *see Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.–Houston [1st Dist.] 2016) *pet. dism'd.*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017).  The article further states that "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b).

It is undisputed that Appellant was convicted of four offenses in a single criminal action. Each judgment of conviction lists identical court costs totaling $251.50.  We agree with the parties that the trial court erred in assessing costs against Appellant on all four convictions.  *See Robinson v. State*, 514 S.W.3d 816, 828 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). When a defendant has multiples convictions that are the same category of offense and the costs are all the same, court costs should be based on the lowest cause number.  *See Williams*, 495 S.W.3d at 590.  Therefore, we will modify the judgments and corresponding withdrawal orders and bills of costs in trial court cause numbers 114-1121-19, 114-1122-19, and 114-1123-19 to delete the assessment of costs. *See id.* We sustain Appellant's first issue.

## Consolidated Fee on Conviction of Felony

The Local Consolidated Fee on Conviction of Felony applies only to defendants who are convicted of offenses committed on or after January 1, 2020. *See Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication) (citing TEX. LOC. GOV'T CODE ANN. § 134.101 (West 2021)). Section 134.101 assesses an additional $105 fee for a person who is convicted of a felony. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(a). That fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *See id*. § 134.101(b).

In the instant case, the commission date for the offense is June 3, 2019. The judgment of conviction reflects that the trial court assessed $251.50 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $251.50. The certified bill of costs itemizes the court costs imposed, which total $251.50 with a $251.50 balance remaining. The certified bill of costs includes the following costs assessed pursuant to Section 134.101: $40.00 Clerk of the Court; $4.00 County and District Court Technology Fund; $1.00 County Jury Fund; $25.00 County Records Management and Preservation; $25.00 County Specialty Court Account; and $10.00 Courthouse Security Fund. *See id*. The sum of these costs is $105.00. Because the offense in this case was committed before January 1, 2020, Appellant is not obligated to pay the "Local Consolidated Fee on Conviction of Felony." *See Hayes*, 2021 WL 1418400, at *2. Accordingly, we will modify the trial court's judgment and Order to Withdraw in trial court cause number 114-1120-19 to reflect the removal of these fees. *See* TEX. R. APP. P. 43.2(b); *Reyes v. State*, 324 S.W.3d 865, 868 (Tex. App.–Amarillo 2010, no pet.). Appellant's second issue is sustained.

## DISPOSITION

Having sustained Appellant's first issue, we *modify* the judgments, withdrawal orders, and bills of costs in trial court cause numbers 114-1121-19, 114-1122-19, and 114-1123-19 to delete the assessment of costs. Having sustained Appellant's second issue, we *modify* the judgment in trial court cause number 114-1120-19 to reflect that the amount of court costs is $146.50. We *affirm* the judgments *as modified*.

BRIAN HOYLE
Justice

Opinion delivered November 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00094-CR**

**JESSIE GLYNN ADAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1120-19)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the amount of court costs is $146.50; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00095-CR**

**JESSIE GLYNN ADAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1121-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the assessment of costs; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00096-CR**

**JESSIE GLYNN ADAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1122-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the assessment of costs; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00097-CR**

**JESSIE GLYNN ADAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1123-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the assessment of costs; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*