

# IN THE
# TENTH COURT OF APPEALS

_____

**No. 10-16-00251-CR**
**No. 10-16-00252-CR**

**JOHNNY CANDIDO MANSOLO,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court Nos. 2015-447-C1 & 2015-49-C1**

_____

## OPINION

_____

In two indictments and two judgments, Johnny Candido Mansolo was charged

and convicted of possession of a prohibited item in a correctional facility (enhanced) (No.

10-16-00251-CR) and aggravated assault with a deadly weapon (enhanced) (No. 10-16-

00252-CR). *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2) (West 2011). He plead guilty to both

charges and punishment evidence was presented in one hearing before the trial court.

Mansolo was sentenced to 20 years and 50 years in prison, respectively, and the sentences

were ordered to run concurrently.

Mansolo's appellate attorney filed *Anders* briefs in these appeals. *See Anders v.*

*California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Mansolo was provided a copy of the record by counsel, advised of his right to review the record, and advised of his right to submit a response on his own behalf. Mansolo submitted his own response. The State notified the Court that it waived the opportunity to file a response to the *Anders* brief.

Counsel asserts in the *Anders* brief that counsel reviewed the reporter's record and clerk's record, including the judgments and sentences, and reviewed the pleas of guilty for compliance with article 26.13 of the Texas Code of Criminal Procedure, for Mansolo's mental capacity to enter the pleas, and for the voluntariness of the pleas. Counsel also reviewed the evidence presented at the punishment phase of the trial and the adequacy of the sentences. After the review, counsel has concluded there is no non-frivolous issue to raise in these appeals.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In his response to both *Anders* briefs, Mansolo asserts that trial counsel mislead him as to the consequences of pleading guilty and that his sentence was excessive.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's briefs, Mansolo's response, and the entire record in this appeal, we determine the appeals to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We note, however, that costs were assessed in both judgments of conviction. Where allegations and evidence of more than one offense are presented in a single trial or plea proceeding, the trial court errs in assessing costs in each conviction. *Hurlburt v. State*, Nos. 10-15-00400-CR, 10-15-00401-CR, 10-15-00402-CR, 10-15-00403-CR, 2015 Tex. App. LEXIS 12676, *8 (Tex. App.—Waco Nov. 30, 2016, no pet. h.) (publish). *Hurlburt* had not been decided at the time briefing in this case was submitted. We have been able to find only one other case that even mentions the issue and it was an unpublished case in which the State conceded error. *See Williams v. State*, Nos. 01-15-00871-CR, 01-15-00872-CR, 01-15-00873-CR, 2016 Tex. App. LEXIS 8415, *12 (Tex. App.—Houston [1st Dist.] Aug. 4 2016, pet. granted) (op. on rh'g). Based on our precedent, abatement to the trial court for the appointment of new counsel is not required. *See Ferguson v. State*, 435 S.W.3d 291 (Tex. App.—Waco 2014, pet. dism.). Because this error does not impact the determination of guilt or punishment and, therefore, does not result in a reversal of either judgment, we may modify one of the judgments to correct the erroneous assessment of costs. *Id*. Accordingly, the judgment in trial court case number 2015-49-C1 is modified to delete the assessed court costs. We affirm the trial court's judgment in trial court case number 2015-49-C1 as modified and affirm the trial court's judgment in trial court case number 2015-447-C1.

Should Mansolo wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motions to withdraw from representation of Mansolo are granted, and counsel is discharged from representing Mansolo. Notwithstanding counsel's discharge, counsel must send Mansolo a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed December 14, 2016
Publish
[CRPM]

