

# NUMBER 13-18-00349-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SHANNON LEE ALT,**                                                              **Appellant,**

**v.**

**STATE OF TEXAS,**                                                                **Appellee.**

---

### On appeal from the 264th District Court
### of Bell County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Shannon Lee Alt was convicted by a jury of possession with intent to deliver methamphetamine in an amount of four grams or more but less than two hundred grams, a first-degree felony. *See* Tex. Health & Safety Code Ann. §§ 481.102(6),

481.112(d).  Appellant was indicted as a habitual felon with two previous felony convictions.  *See* TEX. PENAL CODE ANN. § 12.42(d).  The trial court found the enhancement paragraphs true and sentenced appellant to forty-five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  *See id.*  This appeal ensued.

Appellant filed a Notice of Appeal. [1]  Appellant's court-appointed counsel, however, has filed an *Anders* brief stating that there are no arguable grounds for appeal.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a motion to withdraw and a brief stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.  *See id.*  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal was transferred to this Court from the Third Court of Appeals in Austin, Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to review the record, file a pro se response,[2] and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided appellant with a copy of the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19. An adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id.* at 827.

We have conducted an independent review of the record, including appellate

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

counsel's brief, and find no reversible error. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the record presents no arguably meritorious grounds for review, and an appeal would be frivolous.[3] *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe*, 178 S.W.3d at 826–27.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant." (quoting *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (internal quotation marks omitted))).

We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to

---

[3] Appellant's counsel contends, however, that two errors may exist in the judgment that are unrelated to appellant's guilt or punishment, and therefore this Court may correct the judgment without abating the appeal to the trial court for appointment of new appellate counsel. *See, e.g.*, *Mansolo v. State*, 524 S.W.3d 333, 334 (Tex. App.—Waco 2016, no pet.) (modifying the judgment to correct an error in court costs raised by an *Anders* brief without abating the appeal). More specifically, he submits that a judgment nunc pro tunc correcting an error in mandatory court costs is invalid because it was not signed by the "trial judge." *See* TEX. CODE CRIM. PROC. ANN. art. 42.01. Additionally, despite the trial court's efforts to correct the court costs, he contends that the court costs exceed any statutory basis by $22.50. *See Johnson v. State*, 423 S.W.3d 385, 390–96 (Tex. Crim. App. 2014).

We find no error in the judgment nunc pro tunc. The judgment is valid under the Court Administration Act, *see* TEX. GOV'T CODE ANN. § 74.094, and there is a statutory basis for each line item in the bill of cost. *See Johnson*, 423 S.W.3d at 390–96; *see also Diaz v. State*, No. 03-17-00107-CR, 2017 WL 2928115 (Tex. App.—Austin July 7, 2017, no pet.) (mem. op., not designated for publication) (affirming court costs and explaining that a bill of cost issued by the Bell County District Clerk with an $80 line item for the "district clerk's fee" included both the statutory $40 district clerk's fee and the statutory $40 jury fee). Accordingly, we decline counsel's invitation to make any corrections to the judgment.

appellant and to advise him of his right to file a petition for discretionary review.[4]   *See*

TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206

S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.   CONCLUSION

The trial court's judgment is affirmed.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of October, 2019.

---

[4] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.   *See id.* R. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See id.* R. 68.4.