# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO.  03-19-00213-CR
NO.  03-19-00214-CR
NO.  03-19-00215-CR

**Michael William Stahmann, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE 119TH DISTRICT COURT OF RUNNELS COUNTY
NOS. 6700, 6752, & 6774
THE HONORABLE BEN WOODWARD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In an open plea to the court, appellant Michael William Stahmann pled guilty to two charges of possession of a controlled substance, methamphetamine, in an amount of less than one gram, *see* Tex. Health & Safety Code §§ 481.102(6), 481.115(a), and one charge of felony driving while intoxicated, *see* Tex. Penal Code §§ 49.04(a), 49.09(b), that was enhanced pursuant to the repeat-offender provision of the Penal Code, *see id.* § 12.42(a).  After hearing evidence, the trial court found appellant guilty of all three offenses and sentenced him to one year in state jail for each of the drug-possession offenses and to seven years in prison for the DWI offense.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeals are frivolous and without merit.  The brief meets the

requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that she sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, appellant has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the trial proceedings and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeals are frivolous. Counsel's motion to withdraw is granted.[1] Through our independent review of the record, however, we note that the trial court's written judgments of conviction contain non-reversible errors.

---

[1] Appointed counsel certified to this Court that she advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). The duty to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

First, the judgments of conviction for possession of a controlled substance in trial-court cause number 6700 (appellate cause number 03-19-00213-CR) and trial-court cause number 6752 (appellate cause number 03-19-00214-CR) state that the "Statute for Offense" is "481.115(b) Health and Safety Code." This statutory provision establishes that the offense of possession of a controlled substance is a state jail felony if the amount of the controlled substance possessed is less than one gram. However, the applicable statutory provisions for the drug-possession offenses for which appellant was convicted also include section 481.115(a) of the Health and Safety Code, the statutory provision that defines the offense of possession of a controlled substance as charged in these cases. Similarly, the judgment of conviction for driving while intoxicated in trial-court cause number 6774 (appellate cause number 03-19-00215-CR) states that the "Statute for Offense" is "49.09(b) Penal Code." This statutory provision establishes that the offense of driving while intoxicated is elevated to a third-degree felony if the defendant has twice before been convicted of driving while intoxicated. However, the applicable statutory provisions for the DWI offense for which appellant was convicted also include section 49.04(a) of the Penal Code, the statutory provision that defines the offense of driving while intoxicated.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgments of conviction for possession of a controlled substance in trial-court cause number 6700 (appellate cause number 03-19-00213-CR) and trial-court cause number 6752 (appellate cause number 03-19-00214-CR) to reflect that the "Statute for Offense" is "481.115(a), (b) Health and Safety Code." We modify the judgment of conviction for driving while intoxicated in trial-court cause number 6774

3

(appellate cause number 03-19-00215-CR) to reflect that the "Statute for Offense" is "49.04(a), 49.09(b) Penal Code."

In addition, although the trial court's judgments of conviction do not order appellant to pay attorney's fees for his court-appointed counsel, the incorporated bills of costs each include $750 in court-appointed attorney's fees. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (concluding that court-appointed attorney's fees set forth in certified bill of costs are effective, whether or not orally pronounced and whether or not incorporated in written judgment). A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc. art. 26.05(g); *see Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (observing that "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees [of legal services provided]" (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010))).

The record in each of these cases reflects that the trial court found appellant indigent and appointed counsel to represent him prior to trial and again on appeal. Because the trial court found appellant indigent, he is presumed to remain indigent absent proof of a material change in his circumstances. *See* Tex. Code Crim. Proc. art. 26.04(p); *Mayer*, 309 S.W.3d at 557. Nothing in the records here indicates a change in appellant's financial circumstances. Further, the records contain no determination by the trial court that appellant has the ability to pay attorney's fees, and we find no factual basis in the records to support such a determination. Therefore, it was error to assess attorney's fees against appellant for court-appointed counsel. Accordingly, we modify each judgment of conviction to delete the reference to the bill of costs

4

as to the "Court Appt Attorney" fee and to delete the $750 attributed to court-appointed attorney's fees from the bills of costs. *See Cates*, 402 S.W.3d at 252 (explaining that proper remedy for improperly imposed court-appointed attorney's fees is to reform judgment by deleting court-appointed attorney's fees from order assessing court costs); *see, e.g.*, *Viator v. State*, No. 03-18-00728-CR, 2019 WL 2127890, at \*2 (Tex. App.—Austin May 16, 2019, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees from bill of costs before affirming conviction in frivolous appeal under *Anders*).

Finally, each judgment of conviction imposes "Court Costs" by referring to an attached "Bill of Cost," which lists court costs that appellant is required to pay under the Code of Criminal Procedure, the Government Code, or the Local Government Code. In trial-court cause number 6700 (appellate cause number 03-19-00213-CR), the record contains a certified bill of costs listing fifteen costs and fees that total $334.00.[2] In trial-court cause number 6752 (appellate cause number 03-19-00214-CR), the record contains a certified bill of costs listing sixteen costs and fees that total $409. In trial-court cause number 6774 (appellate cause number 03-19-00215-CR), the record contains a certified bill of costs listing thirteen costs and fees that total $259. Thirteen of the costs and fees assessed in the three bills of costs are identical.[3] In

---

[2] Because we have already addressed the imposition of court costs for court-appointed attorney's fees in the bills of costs, we do not include those costs in our analysis here.

[3] All three bills of costs assess the following identical costs and fees: "District Clerk," *see* Tex. Code Crim. Proc. art. 102.005(a) (mandating $40 fee "for the services of the clerk of the court"); "State Fee," *see* Tex. Loc. Gov't Code § 133.102(a)(1) (mandating $133 in court cost "on conviction of a felony"); "Records Mgt/Pres Fee," *see* Tex. Code Crim. Proc. art. 102.005(f)(1) (mandating $22.50 fee for records management and preservation in various county offices); "Records Management Fee," *see id.* art. 102.005(f)(2) (mandating $2.50 fee for records management and preservation services performed by clerk of court); "County & District Technology," *see id.* art. 102.0169 (mandating $4 court technology fee); "Court Security Fee," *see id.* art. 102.017(a) (mandating $5 security fee); "Jury Reimbursement Fee," *see id.*

addition, the two bills of costs in the drug-possession cases contain an additional identical fee.[4] However, article 102.073 of the Code of Criminal Procedure provides that when a defendant is convicted of two or more offenses in a single criminal action, the trial court "may assess *each court cost or fee only once* against the defendant." Tex. Code Crim. Proc. art. 102.073(a) (emphasis added). Here, the record demonstrates that appellant was convicted of all three offenses in a single bench trial. Thus, since appellant was convicted of all three offenses in a single criminal action, the trial court could order payment of each court cost only once. *See id.*

When a trial court erroneously assesses court costs for multiple convictions tried in a single proceeding, we retain the court costs for the offense of the highest category. *See* Tex. Code Crim. Proc. art. 102.073(b); *Valdez v. State*, No. 03-16-00811-CR, 2017 WL 4478233, at *4 (Tex. App.—Austin Oct. 6, 2017, no pet.) (mem. op., not designated for publication). Here, the drug-possession offenses are state jail felonies and the DWI offense is a third-degree felony. We therefore retain the court costs associated with appellant's judgment of conviction for driving while intoxicated in trial-court cause number 6774 (appellate cause number 03-19-00215-CR). In trial-court cause number 6700 (appellate cause number 03-19-00213-CR) and trial-court cause

---

art. 102.0045 (mandating $4 fee to reimburse counties for cost of juror services); "Judicial Support" fees, *see* Tex. Loc. Gov't Code § 133.105(a) (mandating $6 fee "to be used for court-related purposes for the support of the judiciary"); "Indigent Defense Fee," *see id.* § 133.107(a) (mandating $2 fee "to be used to fund indigent defense representation"); "Notice to Appear," *see* Tex. Code Crim. Proc. art. 102.011(a)(1) (mandating $5 fee for peace-officer services related to issuing written notice to appear in court); "Taking/Approving Bond," *see id.* art. 102.011(a)(5) (mandating $10 fee for peace-officer services related to taking and approving bond); and "Time Payment Fee," *see* Tex. Loc. Gov't Code § 133.103 (mandating $25 fee if convicted person pays any part of fine, court costs, or restitution "on or after the 31st day after the date" on which judgment assessing such fine, court costs, or restitution is entered).

[4] The bills of costs referenced in the drug-possession judgments include an identical court cost for "Drug Court Fee," *see* Tex. Code Crim. Proc. art. 102.0178(a)(2) (mandating $60 fee on conviction for offense punishable under Chapter 481 of the Health and Safety Code).

number 6752 (appellate cause number 03-19-00214-CR), we modify the trial court's judgment of conviction and the incorporated bill of costs to delete the following duplicated court costs: "District Clerk," "State Fee," "Records Mgt/Pres Fee," "Records Management Fee," "County & District Technology Fund," "Court Security Fee," "Jury Reimbursement Fee," "Judicial Support" fees, "Indigent Defense Fee," "Notice to Appear," "Taking/Approving Bond," and "Time Payment Fee." In addition, in trial-court cause number 6752 (appellate cause number 03-19-00214-CR), we further modify the trial court's judgment of conviction and the incorporated bill of costs to delete the "Drug Court Fee." *See e.g.*, *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd, improvidently granted) (holding that "court costs should be based on lowest cause number" when multiple convictions tried in single criminal action "are the same category of offense and the costs are all the same").

Modified as described above, the trial court's judgments of conviction are affirmed.

_____
Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

03-19-00213-CR:     Modified and, as Modified, Affirmed

03-19-00214-CR:     Modified and, as Modified, Affirmed

03-19-00215-CR:     Modified and, as Modified, Affirmed

Filed:   January 23, 2020

Do Not Publish