# NO. 12-20-00025-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HOLLY LEANN ELLIOTT,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION ON REMAND*

Holly Leann Elliott appeals her conviction for theft of property. In three issues, Appellant challenges the restitution order and contends the bill of costs should be modified. We vacate the restitution order and remand the case to the trial court for reassessment of restitution.

## BACKGROUND

Appellant was charged by indictment with theft of property in an amount of $30,000.00 or more but less than $150,000.00. Appellant pleaded "guilty" to the offense, and the matter proceeded to a bench trial on punishment. After hearing the evidence and arguments of counsel, the trial court assessed Appellant's punishment at imprisonment for ten years. The trial court further imposed a $10,000.00 fine and ordered that Appellant pay $117,630.00 in restitution. Appellant appealed.

We initially issued an opinion in which we held that a portion of the time payment fee is unconstitutional.[1] The State appealed that constitutional analysis to the Texas Court of Criminal Appeals. However, the Court of Criminal Appeals has since decided ***Dulin v. State***, in which it held that the time payment fee was assessed prematurely. ***Dulin v. State***, 620 S.W.3d 129, 133

---

[1] ***Elliott v. State***, No. 12-20-00025-CR, 2020 WL 6065980, at \*2 (Tex. App.—Tyler Oct. 14, 2020), *vacated* 2021 WL 1940640 (Tex. Crim. App. May 12, 2021).

(Tex. Crim. App. 2021). As a result, the Court of Criminal Appeals vacated our previous opinion and remanded the case for consideration under **Dulin**.[2]

## RESTITUTION

In her first issue, Appellant urges the trial court erred in assessing a restitution amount that is unsupported by the evidence.

### Standard of Review and Applicable Law

Texas law authorizes a sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2020). Due process requires a factual basis in the record for the amount of restitution ordered. **Martin v. State**, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994*); see also* **Cartwright v. State**, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Further, restitution must be "just," that is, supported by sufficient factual evidence in the record that the expense was incurred. **Thompson v. State**, 557 S.W.2d 521, 525–26 (Tex. Crim. App. 1977).

Challenges to the sufficiency of the evidence supporting a restitution order can be raised for the first time on appeal. **Idowu v. State**, 73 S.W.3d 918, 921–22 (Tex. Crim. App. 2002). We review a trial court's restitution order for abuse of discretion. **Cartwright**, 605 S.W.2d at 289. The trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. **Montgomery v. State**, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Due process is implicated when the trial court abuses its discretion in setting the amount of restitution. *See* **Cartwright**, 605 S.W.2d at 289. Due process places the following limitations on the restitution a trial court may order: (1) the restitution must be for injuries or damages for which the defendant is criminally responsible, (2) the restitution must be directed to the victim or victims of the offense, and (3) the restitution amount must be just and supported by a factual basis in the record. **Burt v. State**, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014). Thus, we review the record to determine if there was sufficient factual evidence of an amount which the court could find "just." **Cartwright**, 605 S.W.2d at 289.

### Analysis

Appellant urges that the evidence is insufficient to support the restitution assessed. Specifically, Appellant argues that she was charged with the distinct crime of stealing the property

---

[2] **Elliott v. State**, No. PD-1088-20, 2021 WL 1940640, at *1 (Tex. Crim. App. May 12, 2021) (not designated for publication) (per curiam).

of Eva Sealey and that the evidence only supports that she owes Sealey $84,000.00. She contends that the $117,630.00 ordered by the trial court includes additional money allegedly owed to individuals not named in the indictment. Appellant further argues that the judgment does not identify to whom the restitution is to be paid.

Appellant was charged with and convicted of unlawfully appropriating, by acquiring or otherwise exercising control over, property of the value of $30,000 or more but less than $150,000, from Eva Sealey. While employed at Sealey's business, Centaur Arabian Farms, Appellant stole and embezzled money. As a manager and event/wedding planner for Centaur, Appellant altered the books to make it appear that brides renting the venue had paid in full when she personally accepted and pocketed the cash payments. The presentence investigation report indicates that Appellant took $117,630.00 that should have been paid to Centaur Arabian Farms and Sealey. Accordingly, contrary to Appellant's contention, the $117,630.00 is not money owed to other victims but is money owed to Sealey. The restitution ordered was related only to the offense for which Appellant is criminally responsible and it applied only to the losses suffered by the victim of the offense, Sealey. *See **Miller v. State***, 343 S.W.3d 499, 502 (Tex. App.—Waco 2011, pet. ref'd). As a result, the trial court did not abuse its discretion when it ordered Appellant to pay $117,630.00 in restitution. We overrule this part of Appellant's first issue.

The trial court's judgment, underneath "Restitution Payable To:" states: "(See special findings or order of restitution which is incorporated herein by reference)." However, no order of restitution or special findings appear in the record designating to whom Appellant is to pay restitution. When it is clear during the sentencing hearing that restitution will be ordered but the recipients of restitution are not orally pronounced, it is appropriate to remand a case for a restitution hearing. ***Burt***, 445 S.W.3d at 761. Here, no restitution recipient was orally pronounced. We sustain this portion of Appellant's first issue.

## BILL OF COSTS

In her second and third issues, Appellant contends the trial court erred in including certain items in the bill of costs, i.e., the "time payment" fee previously authorized by Texas Local Government Code, Section 133.103 and the fine assessed by the trial court.[3]

---

[3] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that

Several courts, including this one, have held subsections (b) and (d) of Section 133.03 unconstitutional. *See, e.g.*, **Irvin v. State**, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App—Tyler Sept. 9, 2020), *vacated*, 2021 WL 1940593 (Tex. Crim. App. May 12, 2021); **Ovalle v. State**, 592 S.W.3d 615, 618 n.1 (Tex. App.—Dallas 2020), *vacated*, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021); **Simmons v. State**, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019), *vacated*, 2021 WL 1938758 (Tex. Crim. App. May 12, 2021); **Johnson v. State**, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019), *vacated*, 2021 WL 1939984 (Tex. Crim. App. May 12, 2021). However, the Court of Criminal Appeals has recently held that the pendency of an appeal stops the clock for the purposes of the time payment fee. **Dulin**, 620 S.W.3d at 133.

Fines are punitive and intended to be part of the convicted defendant's sentence. *See* **Armstrong v. State**, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Court costs, however, are "compensatory in nature" and are "a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.*; **Williams v. State**, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd*, 2017 WL 1493488 (Tex. Apr. 26, 2017).

Here, the judgment of conviction reflects that the trial court assessed $311.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $127,941.50. The certified bill of costs itemizes the court costs imposed, which total $10,311.50 with a $10,311.50 balance remaining. The bill of costs indicates that the $15.00 time payment fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered. *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c) *redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

Because the pendency of an appeal stops the clock for purposes of the time payment fee, the assessment of the fee in Appellant's case is premature. **Dulin**, 620 S.W.3d at 133. As a result,

---

all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See* **Ovalle v. State**, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020), *vacated on other grounds*, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021).

the fee should be struck in its entirety, without prejudice to it being assessed later if, more than 30 days after the issuance of our mandate, Appellant has failed to completely pay any fine, court costs, or restitution that she owes. *Id.*

The proper remedy when a trial court erroneously includes amounts as court costs is to modify the judgment to delete erroneous amounts. *See Sturdivant v. State*, 445 S.W.3d 435, 443 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd). Accordingly, we will modify the trial court's judgment and Attachment A to reflect the appropriate assessment of court costs that do not include the time payment fee. *See Dulin*, 620 S.W.3d at 133. Appellant's second issue is sustained.

The bill of costs also includes the $10,000 fine imposed by the trial court. A bill of costs must be in writing and contain "the items of cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2018). As noted above, fines are fundamentally different than court costs. Fines constitute punishment and are part of the defendant's sentence whereas court costs are those financial obligations intended to recoup "the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009). In light of the above, we reform the bill of costs to delete the fine. *See Williams*, 495 S.W.3d at 591. Appellant remains obligated to pay the $10,000 fine reflected in the judgment of conviction. *See* TEX. R. APP. P. 43.2(b). We sustain Appellant's third issue.

<u>**DISPOSITION**</u>

Having sustained Appellant's first issue, we *vacate* the restitution order in the trial court's judgment and *remand* the case to the trial court for reassessment of restitution. Having sustained Appellant's second issue, we *modify* the trial court's judgment and Attachment A to reflect that the amount of court costs is $297.50, by deleting the time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution she owes. *See* TEX. R. APP. P. 43.2(b). Having sustained Appellant's third issue, we further *modify* the bill of costs to delete the fine. *See id*. In all other respects, we *affirm* the trial court's judgment.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered October 6, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 6, 2021**

**NO. 12-20-00025-CR**

**HOLLY LEANN ELLIOTT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1273-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the restitution order in the trial court's judgment be **vacated** and the cause **remanded** to the trial court for reassessment of restitution in accordance with the opinion of this Court.

It is further ORDERED, ADJUDGED and DECREED that the trial court's judgment and Attachment A be **modified** to reflect that the amount of court costs is $297.50, by deleting the time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution she owes; we further **modify** the bill of costs to delete the fine. In all other respects, it is ORDERED, ADJUDGED and DECREED the trial court's judgment be **affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*