# NOS. 12-20-00036-CR
# 12-20-00037-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LISA ANN HOUSE,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Lisa Ann House appeals her convictions for bail jumping and failure to appear in trial court cause number 007-0301-19, and possession of a controlled substance in trial court cause number 007-1555-18. In two issues on appeal, Appellant argues that the imposition of court costs in trial court number 007-1555-18 is improper, and that the "time payment" fee assessed in both cases is improper because it is unconstitutional. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with bail jumping and failure to appear, a third degree felony,[1] namely, that after being lawfully released from custody on a pending felony charge on condition that she subsequently appear in court, she intentionally and knowingly failed to appear in accordance with the terms of her release. Further, Appellant was charged by indictment with possession of a controlled substance, namely, methamphetamine, in an amount less than one gram, a state jail felony.[2]

---

[1] *See* TEX. PENAL CODE ANN. § 38.10 (a), (f) (West 2016).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017).

Appellant pleaded "guilty" to both offenses. Appellant and her counsel signed various documents in connection with her guilty pleas, including an agreed punishment recommendation, and a stipulation of evidence in which she stipulated, and judicially confessed, that each and every allegation in the indictments was true and correct, and constituted the evidence in the cases. The trial court accepted Appellant's pleas, found the evidence substantiated her guilty pleas, and adjudged Appellant guilty of bail jumping and failure to appear, and possession of a controlled substance. Consequently, the trial court assessed Appellant's punishment at ten years imprisonment in the bail jumping and failure to appear case, and two years in the possession of a controlled substance case. However, the court ordered that Appellant's sentences be suspended and that she be placed on community supervision for four years in both cases.

Later, the State filed a motion to revoke community supervision in each case, alleging that Appellant violated the terms of her community supervision by drinking and possessing an alcoholic beverage. At the hearing on the State's motions, Appellant pleaded "true" to all the State's allegations. The trial court found that Appellant violated the terms of her community supervision, granted the State's motions to revoke community supervision, revoked Appellant's community supervision in each case, and assessed Appellant's punishment at five years of imprisonment in the bail jumping and failure to appear case, and two years of imprisonment in the possession of a controlled substance case. The trial court also ordered Appellant to pay all court costs in the amount of $304.00 in the bail jumping and failure to appear case, and $408.00 in the possession of a controlled substance case. Appellant was ordered to pay $180.00 in restitution in the possession of a controlled substance case. Each bill of costs included a "time payment" fee in the amount of $25.00. These appeals followed.

### TIME PAYMENT FEE

In her second issue, Appellant contends that the inclusion of the "time payment" fee in the bill of costs in trial court cause numbers 007-0301-19 and 007-1555-18 is improper because it has been held unconstitutional. The State concedes that the assessment of a "time payment" fee should be removed from the bill of costs in each case because it is premature.

Several courts, including this one, have held subsections (b) and (d) of Section 133.03 unconstitutional. *See, e.g.*, **Irvin v. State**, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App—Tyler Sept. 9, 2020), *vacated*, 2021 WL 1940593 (Tex. Crim. App. May 12, 2021); **Ovalle**

2

*v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020), *vacated*, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021); *Simmons v. State*, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019), *vacated*, 2021 WL 1938758 (Tex. Crim. App. May 12, 2021); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019), *vacated*, 2021 WL 1939984 (Tex. Crim. App. May 12, 2021). However, the Court of Criminal Appeals recently held that the pendency of an appeal stops the clock for purposes of the time payment fee. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

Fines are punitive and intended to be part of the convicted defendant's sentence. See *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Court costs, however, are "compensatory in nature" and are "a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.*; *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd, improvidently granted*, 2017 WL 1493488 (Tex. Crim App. 2017).

Here, the judgment of conviction in trial court cause number 007-0301-19 reflects that the trial court assessed $304.00 in court costs. The judgment includes a document identified as "Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees, fines and/or restitution" in the amount of $304.00. The certified bill of costs itemizes the court costs imposed, which total $304.00 with a $304.00 balance remaining. The bill of costs includes a $25.00 time payment fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered.[3] *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c) redesignated as TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

Likewise, the judgment of conviction in trial court cause number 007-1555-18 reflects that the trial court assessed $408.00 in court costs. The judgment includes a document identified as "Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees, fines

---

[3] The bill of costs in each case contains a chart describing each fee and listing the "fee code," as well as the amount of the fee and the balance due. The bill of costs in each case includes the $25.00 "time payment" fee, but not the $15.00 "additional time payment fee" referenced in the paragraph below the chart.

and/or restitution" in the amount of $588.00.[4] The certified bill of costs itemizes the court costs imposed, which total $408.00 with a $408.00 balance remaining. The bill of costs includes a $25.00 time payment fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered. *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c) redesignated as TEX. CODE CRIM. PROC. ANN. art. 102.030.

As previously stated, the Texas Court of Criminal Appeals recently explained that the pendency of an appeal stops the clock for purposes of the time payment fee. *Dulin*, 620 S.W.3d at 133. Consequently, the assessment of the time payment fee in Appellant's cases, trial court cause number 007-0301-19 (appellate cause number 12-20-00036-CR) and trial court cause number 007-1555-18 (appellate cause number 12-20-00037-CR), is premature, and the fee should be struck in its entirety, without prejudice to being assessed later if, more than thirty days after the issuance of the appellate mandate, Appellant has failed to completely pay her court costs in both cases. *See id.*

The proper remedy when a trial court erroneously includes amounts as court costs is to modify the judgment to delete erroneous amounts. *See Sturdivant v. State*, 445 S.W.3d 435, 443 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Accordingly, we modify the trial court's judgment, attached order to withdraw funds, and bill of costs in trial court cause number 007-0301-19 and trial court cause number 007-1555-18 to reflect the appropriate assessment of court costs that do not include the time payment fee. *See Dulin*, 620 S.W.3d at 133. Appellant's second issue is sustained.

#### DUPLICATIVE COURT COST ASSESSMENT

In her first issue, Appellant argues that the imposition of courts costs for the possession of a controlled substance offense, trial court number 007-1555-18, is improper. The State concedes this error.

The Texas Code of Criminal Procedure provides as follows:

---

[4] The additional $180.00 in the Order to Withdraw Funds is the amount of restitution that Appellant was ordered to pay by the trial court.

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

*See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (a), (b) (West 2018). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. ***Hurlburt v. State***, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

The record in this case shows that the allegations and evidence of both offenses were presented in a single plea proceeding, or "criminal action." *See **id.*** Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (a). However, the judgment in cause number 007-0301-19 shows a court cost assessment of $304.00, and the judgment in cause number 007-1555-18 shows a court cost assessment of $408.00. The two bill of costs list identical costs and fees but for three additional costs and fees in cause number 007-1555-18, or a total of $304.00 in each case. We conclude that the trial court erred by assessing each of these fees twice against the Appellant. *See **id.*** Further, Article 102.073(b) provides that costs must be assessed using the highest category of offense based on Appellant's convictions. *See **id.*** art. 102.073 (b). Because cause number 007-0301-19 is a third degree felony offense and cause number 007-1555-18 is a state jail felony offense, we hold that the court costs should be assessed only in cause number 007-0301-19.

However, Appellant was assessed three extra costs and fees in cause number 007-1555-18, including a bond fee, a DNA testing fee, and a drug court program fee. These additional costs and fees, totaling, $104.00, were assessed against Appellant only once, are not duplicative, are properly recoverable, and properly assessed against her.[5] *See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (a); ***Williams v. State***, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd); ***Willhite v. State***, No. 06-18-00157-CR, 2019 WL 847218, at *4 (Tex. App.—Texarkana Feb. 22, 2019, no pet.) (mem. op., not designated for publication).

---

[5] Likewise, the $180.00 restitution ordered in trial court cause number 007-1555-18 is not duplicative and should remain unmodified in that judgment.

Accordingly, we sustain Appellant's first issue as to the duplicative costs assessed against her in trial court cause number 007-1555-18. We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in this case, we conclude that the judgment, attached order to withdraw funds, and bill of costs in trial court cause number 007-1555-18 (appellate cause number 12-20-00037-CR) should be modified to remove the duplicated court cost amount of $304.00. *See id.*; TEX. R. APP. P. 43.2(b).

## DISPOSITION

Having sustained part of Appellant's first issue, we ***modify*** the trial court's judgment, Order to Withdraw Funds, and bill of costs in the possession of a controlled substance offense, i.e., trial court cause number 007-155-18 (appellate cause number 12-20-00037-CR), to reflect that the amount of court costs is $104.00. *See* TEX. R. APP. P. 43.2(b). Further, having sustained Appellant's second issue, we ***modify*** trial court's judgment, Order to Withdraw Funds, and the bill of costs in each case to remove the time payment fees, without prejudice to the fees being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the court costs or restitution she owes in the bail jumping and failure to appear offense, i.e., trial court number 007-0301-19 (appellate cause number 12-20-00036-CR), and the possession of a controlled substance offense, i.e., trial court cause number 007-1555-18 (appellate cause number 12-20-00037-CR). *See id.* In all other respects, we ***affirm*** the trial court's judgments as modified.

**BRIAN HOYLE**
Justice

Opinion delivered November 3, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 3, 2021**

**NO. 12-20-00036-CR**

**LISA ANN HOUSE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0301-19)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs be **modified** to remove the time payment fee, without prejudice to the fee being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the court costs or restitution Appellant owes; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 3, 2021**

**NO. 12-20-00037-CR**

**LISA ANN HOUSE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1555-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs be **modified** to reflect that the amount of court costs is $104.00; that the judgment, Order to Withdraw Funds, and bill of costs be **modified** to remove the time payment fee, without prejudice to the fee being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the court costs or restitution Appellant owes; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*