

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00275-CR

**JESSE NOLAN FIELDS, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 82nd District Court
### Falls County, Texas
### Trial Court No. 10468

## MEMORANDUM OPINION

Jesse Nolan Fields, Jr., appeals from the adjudication of his guilt for family violence assault by impeding breath or circulation, which previously had been deferred, and from his resulting ten-year sentence. We affirm the trial court's judgment as modified.

Fields's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief evidences a professional evaluation of the

record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See id.* at 744, 87 S.Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407–09 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).

We have carefully reviewed the record and counsel's brief. While we conclude that there is no error that would require reversal of Fields's conviction or sentence, we have determined that the trial court's judgment adjudicating Fields's guilt includes what we identify as a Category 3 nonreversible error—an "unassigned, nonreversible error that has been preserved at trial or that is not subject to procedural default." *See Cummins v. State*, 646 S.W.3d 605, 617 (Tex. App.—Waco 2022, pet. ref'd).

The trial court's judgment adjudicating Fields's guilt includes the assessment of court costs in the amount of $1,779, and the certified bill of cost indicates that that amount includes a $1,500 fine. A fine, which constitutes punishment and is part of a defendant's sentence, should not be included in the bill of costs. *See Brumfield v. State*, 641 S.W.3d 568, 583 (Tex. App.—Tyler 2022, pet. ref'd); *Williams v. State*, 495 S.W.3d 583, 591 (Tex. App.—

Houston [1st Dist.] 2016), *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017) (per curiam) (not designated for publication). Furthermore, our review of the record shows that the trial court did not impose a fine when Fields's guilt was adjudicated. The trial court did not include a fine in its oral pronouncement of sentence at Fields's revocation hearing. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). And although the trial court's order deferring adjudication of Fields's guilt reflects that Fields was assessed a $1,500 fine at that time, the trial court's judgment adjudicating Fields's guilt indicates that no fine was assessed.

In these instances where we have identified a Category 3 nonreversible error, we have the authority to fix the error. *Cummins*, 646 S.W.3d at 617. Accordingly, we modify the trial court's judgment adjudicating Fields's guilt to reflect court costs assessed in the amount of only $279.00.[1]

Except for this modification, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the entire record in this appeal reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment as modified.

Counsel's motion to withdraw from representation of Fields is granted.

---

[1] We also modify the certified bill of cost by striking the assessed fine. *See, e.g.*, *Bryant v. State*, 642 S.W.3d 847, 849–50 (Tex. App.—Waco 2021, no pet.); *see also* TEX. R. APP. P. 43.6.

MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed as modified
Opinion delivered and filed November 22, 2022
Do not publish
[CR25]

