# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-21-00532-CR
NO. 03-21-00533-CR

**Daniel Gonzales-Ortiz, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
## NOS. 18-1373-K277 & 18-1374-K277 THE HONORABLE SID L. HARLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In consolidated cases, appellant Daniel Gonzales-Ortiz was convicted by a jury of two offenses of sexual assault of a child and sentenced to twenty years' confinement and a $10,000 fine for each offense. *See* Tex. Penal Code § 22.011(a)(2). The trial court ordered that the sentences run concurrently. *See id.* § 3.03(b)(2)(A).

In each appeal, Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988). Appellant's counsel has certified to this Court that he sent copies of the motions and briefs to appellant, advised appellant of his right to examine the

appellate records and file a pro se response, and provided a motion to assist appellant in obtaining the records. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, appellant has not filed a pro se response or requested an extension of time to file a response in either appeal.

We have conducted an independent review of the records—including the record of the trial and sentencing proceedings below and appellate counsel's briefs—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the records present no arguably meritorious grounds for review, and the appeals are frivolous. However, we also agree with counsel that the trial court's written judgments of conviction contain non-reversible errors in its assessment of court costs.

First, as reflected in the certified bill of costs in each cause number, the trial court improperly assessed duplicative court costs. In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant. Tex. Code Crim. Proc. art. 102.073(a). For purposes of this rule, "a person convicted of more than one offense in the same trial is convicted of those offenses in a 'single criminal action.'" *Johnson v. State*, No. 05-19-00641-CR, 2020 WL 4745552, at *5 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication) (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.). When the convictions are for the same category of offense, and the costs are the same, court costs should be assessed on the lowest trial court cause number. *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd,*

2

*improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017) (per curiam) (not designated for publication).

The trial court assessed the same court costs in each cause number for total costs of $815.00 in each. Because both convictions have the same category of offense, we modify the judgment for the higher cause number, 18-1374-K277 (appellate cause number 03-21-00533-CR), removing the duplicative court costs for total costs of $0.00. *See Williams*, 495 S.W.3d at 590; *Dulin v. State*, Nos. 03-18-00523-CR, 03-18-00524-CR, 2021 WL 3233854, at *2 (Tex. App.—Austin July 30, 2021, no pet.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (recognizing that appellate courts have power to modify incorrect judgments); *Stahmann v. State*, Nos. 03-19-00213-CR, 03-19-00214-CR, 03-19-00215-CR, 2020 WL 370883, at *3–4 (Tex. App.—Austin Jan. 23, 2020, no pet.) (mem. op., not designated for publication) (modifying judgments to remove unauthorized court costs before affirming convictions in frivolous appeal under *Anders*).

Second, as part of the total court costs assessed in cause number 18-1373-K277 (appellate cause number 03-21-00532-CR), the trial court erroneously assessed a $105.00 local consolidated court cost and a $185.00 state consolidated court cost. The Cost Act overhauled the statutory court cost scheme in criminal cases, increasing the state consolidated fee from $133.00 to $185.00 and creating a new "local consolidated fee." *Contreras v. State*, Nos. 05-20-00185-CR, 05-20-00186-CR 2021 WL 6071640, at *9 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op., not designated for publication). The changes made by the Cost Act "did not become effective until January 1, 2020, and applied only to costs, fees, or fines assessed on convictions for offenses committed on or after the effective date." *Shuler v. State*, 650 S.W.3d 683, 690–91 (Tex. App.—Dallas 2022, no pet.) (citing Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03,

3

sec. 133.102(a)(1), §§ 5.01, 5.04, 2019 Tex. Gen. Laws 3981, 3982, 4035 (current version at Tex. Loc. Gov't Code § 133.102(a)(1))); *see also Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication) ("The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020." (citing Tex. Loc. Gov't Code § 134.101)).

Because appellant was convicted for offenses committed on February 28, 2014, he should not have been assessed the $105.00 local consolidated court cost and should have been assessed a lesser state consolidated court cost of $133.00. *See Shuler*, 650 S.W.3d at 691; *Hayes*, 2021 WL 1418400, at *2. We therefore modify the judgment in cause number 18-1373-K277 to remove the unauthorized costs, for total court costs of $658.00. *See* Tex. R. App. P. 43.2; *Bigley*, 865 S.W.2d at 27–28; *Stahmann*, 2020 WL 370883, at *3–4.

Counsel's motions to withdraw are granted. The trial court's judgments of conviction, modified as described above, are affirmed.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Modified and, as Modified, Affirmed

Filed: December 16, 2022

Do Not Publish