

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00341-CR

**KENNETH DWAYNE ANDERSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2017-959-C2

## MEMORANDUM OPINION ON REMAND

Kenneth Dewayne Anderson was convicted of injury to an elderly individual while using or exhibiting a deadly weapon. *See* TEX. PENAL CODE § 22.04. We delivered our original memorandum opinion and judgment in this case on December 18, 2019. *Anderson v. State*, No. 10-18-00341-CR, 2019 Tex. App. LEXIS 10969 (Tex. App.—Waco Dec. 18, 2019). The Court of Criminal Appeals vacated our judgment on May 12, 2021, and remanded the case to us for proceedings consistent with its opinion in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021). *See Anderson v. State*, No. PD-0063-20, 2021 Tex. Crim. App. Unpub. LEXIS 411 (Tex. Crim. App. May 12, 2021) (per curiam). On remand,

we modify and affirm the trial court's judgment.

*ANDERS* **BRIEF**

Before the Court of Criminal Appeals reversed and remanded this case to us, Anderson's appointed counsel filed a motion to withdraw and a brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous pursuant to the United States Supreme Court opinion in *Anders*, but also presenting nonreversible error in the judgment pursuant to this Court's order in *Allison*. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order).

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing the *Anders* portion of this appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). In our review, we have paid particular attention to the issues identified in Anderson's multiple pro se responses to counsel's brief in support of the motion to withdraw. After a review of the entire record

in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Cummins v. State*, 646 S.W.3d 605, 620-621(Tex. App.—Waco 2022, pet. ref'd).

NONREVERSIBLE ERRORS

As noted previously, despite finding no reversible error, in briefing on remand, Anderson's counsel presented several issues of nonreversible errors. Those issues concern certain court costs included in the Certified Bill of Cost. Specifically, counsel challenges $10 in commitment fees, $5 in warrantless arrest fees; $50 for executing a capias; a $2 e-filing fee; a $15 conditional time payment fee; and $25, combined, as a separate time payment fee. We agree that all the fees complained of by Anderson, except for the $50 capias execution fee, constitute nonreversible errors.

*Assessment of Costs*

On appeal, we review an assessment of court costs to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). We separately examine each item of cost to which Anderson has lodged a complaint on appeal.

— *$10 commitment fees*

Anderson asserts that two $5 commitment fees were improperly assessed because there were no commitment orders for which fees could be assessed.

Under article 102.011 of the Code of Criminal Procedure, a defendant convicted of a felony or a misdemeanor must pay certain fees "for services performed in the case by a peace officer . . . ." *See* TEX. CODE CRIM. PROC. art. 102.011. One of the fees to be assessed for the service of peace officers is "$5 for commitment or release." *Id*. art. 102.011(a)(6).

This language refers to a defendant's commitment to and release from jail. *Williams v. State*, 495 S.W.3d 583, 591 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd, improvidently granted). A "commitment" is an order signed by the proper magistrate directing a sheriff to receive and place in jail the person so committed. TEX. CODE CRIM. PROC. art. 16.20.

Anderson was indicted on June 7, 2017 and reindicted on February 14, 2018. A capias was issued by the district clerk on each of those dates. Noted on each capias is a $5 commitment fee. Further, according to a description of the charges for the entries in the Certified Bill of Cost, those fees noted on each capias were assessed on the same date as each capias. There is nothing in the record to show that a proper magistrate signed a commitment order, as defined by the Code of Criminal Procedure, that would authorize a commitment fee at either time.

The State asserts that a notation in the trial court's docket sheet, showing a commitment order was issued and delivered to the Sheriff's Office, covers one of the commitment fees. But the commitment order relied upon by the State was issued on November 6, 2018. The description of the charges in the Certified Bill of Cost indicates the fees were assessed on June 7, 2017 and February 14, 2018.[1] Thus, neither of the fees

---

[1] A Certified Bill of Cost was not a part of the trial court's judgment, nor was it made a part of the original Clerk's Record. However, one was created and included, upon request by this Court, in a Supplemental Clerk's Record filed on October 5, 2021. An explanation of the cost and fees included in the Certified Bill of Cost was subsequently requested and is included in another Supplemental Clerk's Record filed on November 1, 2021. The Certified Bill of Cost, dated October 1, 2021, and contained in the October 5, 2021, Supplemental Clerk's Record, is the Certified Bill of Cost relevant to this case, and no other document should be considered by the parties, the trial court, or the District Clerk as the bill of cost. Accordingly, we use the phrase, "Certified Bill of Cost," to refer to the bill of cost included in the October 5, 2021, Supplemental Clerk's Record.

were assessed in conjunction with the November-issued commitment order.

Accordingly, after reviewing the statutes and the record in this case, we agree that there is no basis for the two $5 commitment fees.

— *$5 warrantless arrest fees*

Two separate warrantless arrest fees of $5.00 were assessed: one on June 16, 2017 and one on March 7, 2018. The parties agree that the assessment of the March 7, 2018 warrantless arrest fee was improper. After reviewing the caselaw and the record in this case, we agree there is no basis for the $5.00 March 7, 2018 warrantless arrest fee.

— *$50 for executing a capias*

Anderson contends that the Clerk erroneously issued a second capias after Anderson's reindictment for which the Sheriff's Office charged a $50 execution fee. Anderson does not complain that the amount of the fee was incorrect or could not be charged because nothing supported its collection. Nor does he contend that the capias was not issued. Rather, he contends the capias was unnecessary and should not have been issued. Therefore, his argument continues, he should not have been charged for its issuance.

In reviewing the record, we find that there is a basis for the fee. *See* TEX. CODE CRIM. PROC. art. 102.011(a)(2)(A). Anderson contends he was in jail when the reindictment was handed down; thus, he relies on the last sentence of article 23.03, subsection (a) of the Texas Code of Criminal Procedure, "[a] capias or summons need not issue for a defendant in custody or under bond[,]" to support his claim that the capias was erroneously issued. *See id.* at art. 23.03(a). However, the operative phrase in this sentence is "need not." And when compared to the first sentence of that same subsection,

"[a] capias *shall be issued* by the district clerk upon each indictment for felony presented," *id.* (emphasis added), we must conclude that the clerk has discretion to issue a capias if the defendant is in custody or out on bail. *See e.g. In re Durnin*, 619 S.W.3d 250, 257 n.3 (Tex. 2021) ("'Shall' 'denotes mandatory action,' leaving no room for discretion." (citation omitted)). In other words, in this situation, the issuance of a capias is not prohibited; it is simply not required.

Accordingly, because the clerk had the discretion to issue the second capias, its issuance was not erroneous; and because the clerk had actually issued the capias, there is a basis for the fee.

— *$2 e-filing fee*

Anderson asserts, and the State agrees, that there is no basis for a $2 e-filing fee. We agree. At the time of Anderson's conviction, the Government Code allowed for a $5 e-filing fee. *See* Act of May 16, 2013, 83d Leg., R.S., ch. 1290, § 2, sec. 51.851(d), 2013 Tex. Gen. Laws 3270, 3271 (repealed 2019). That $5 fee was properly assessed. The Government Code no longer allows for an electronic filing fee, and there is no other statute that provides for an additional $2 e-filing fee. *See* TEX. GOV'T CODE § 51.851 (current version showing e-filing fee repealed).[2]

Thus, after reviewing the statutes and the record in this case, we agree that there

---

[2] Local Government Code section 133.102 now provides for a percentage of a consolidated fee to be designated for the "statewide electronic filing system account." *See* TEX. LOC. CODE § 133.102(e). That provision was effective January 1, 2020. For offenses committed after January 1, 2004, and before January 1, 2020, the date range within which Anderson's offense was committed, the money collected as court costs "shall be allocated according to the percentages provided in Subsection (e), as that subsection existed and was applied on December 31, 2019." *Id.* (d). Subsection (e), as it existed and was applied on December 31, 2019, did not have an e-filing fee allocation. *See* Acts of 2011, 82nd Leg., ch. 1249 (S.B. 1664), § 13(b), effective September 1, 2013. Thus, no statutory authority for the collection of a $2 e-filing fee existed at the time Anderson committed or was convicted of the offense.

is no basis for the assessment of a $2 e-filing fee.

— *$15 conditional time payment fee*

Anderson asserts that a $15 time payment fee, conditioned on "full payment of court costs, reimbursement fees, fines and costs" being paid within 30 days of the judgment should be deleted. A $15 time payment fee is permitted by article 102.030(a) of the Texas Code of Criminal Procedure if a "fine, court costs, restitution, or another reimbursement fee" is not paid in full before the 31st day after the date on which the judgment is entered assessing such. *See* TEX. CODE CRIM. PROC. art. 102.030(a). However, article 102.030 does not apply to Anderson's case because the offense he committed occurred in 2017. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01 2019 Tex. Gen. Laws at 4035 ("Except as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act [January 1, 2020].").

The State contends that the fee should not be deleted because the fee had not actually been assessed and that the language in the Certified Bill of Cost was merely advisory. We agree with the State that the fee is not included in the "Grand Total" of the fees due. However, we also agree with Anderson that because the fee does not apply to Anderson's case, there is no basis for the inclusion of the conditional $15 time payment fee in the Certified Bill of Cost. Further, any time payment fee assessed or threatened is premature. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021); *see also Bryant v. State*, 642 S.W.3d 847, 850 (Tex. App.—Waco 2021, no pet.).

— *$25 combined time payment fee*

Finally, the parties agree that, pursuant to the Court of Criminal Appeals' opinion

in *Dulin v. State*, 620 S.W.3d 129, 134 (Tex. Crim. App. 2021), the assessment of $25.00, combined, as a time-payment fee in this case was premature.[3] After reviewing the caselaw and the record in this case, we agree that the assessment of a time-payment fee in the Certified Bill of Cost is premature, and thus conclude there is no basis for this fee.

**CONCLUSION**

Accordingly, the trial court's judgment is modified to assess court cost in the amount of $349. As modified, we affirm the trial court's judgment,[4] and grant counsel's motion to withdraw from representation of Anderson.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Smith, and
    Justice Wright[5]
Affirmed as modified
Opinion delivered and filed December 28, 2022
Do not publish
[CR25]



---

[3] The Certified Bill of Cost specifically includes $25 aggregated time-payment fees (listed in the explanation of fees as an Administrative Justice Fee—$2.50; Time Payment Fees—$10.00; Time Payment-State Fee—$12.50) in the balance of the costs owed.

[4] The bill of cost should be modified to reflect the cost due in the judgment as modified.

[5] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.